ARGUED AND DETERMINED IN THE

# SUPREME COURT

OF THE

## STATE OF WISCONSIN,

AT THE JUNE TERM, A. D. 1853.

---

EDWARD WINNE, *Plaintiff in Error*,

*vs.*

U. C. H. NICKERSON, *Defendant in Error*.

1     1|
52 LRA 602n|

ERROR TO WALWORTH COUNTY COURT.

If the account books of a party are verified by the oath of the party offering them in evidence, in the manner prescribed by the statute, their effect as evidence is determined by the statute. They become prima faciæ evidence in proof of the charges contained in them.

Evidence to impeach the general character for truth and veracity of a party swearing to his account books, is inadmissible.

On general principles of law it seems such evidence would be competent, but the effect of our statute is, to change the rule.

Nickerson, the defendant in error, commenced a suit before a justice of the peace of Walworth county, against Winne, the plaintiff in error, by summons returnable the 3d day of April, 1852, and declared against said Winne on book account ; to which Winne pleaded the general issue.

The issue was tried before the justice, who rendered judgment in favor of Nickerson, the plaintiff be-

2

JUNE TERM,
1853.

Winne
vs.
Nickerson.

low, for $10.40 damages, and $14.36 costs. The case was removed to the County Court by writ of certiorari, where the judgment of the justice was affirmed, and is now brought here by writ of error.

Upon the trial before the justice, Nickerson, the defendant in error, offered himself, and was sworn and examined, in accordance with the provisions of the statute, preliminary to the introduction of his account book in evidence. On such examination, he swore that the book presented was his account book, kept by him for that purpose; that it contained the original charges for labor done, property had and received; that they were made about the time that such property was furnished and labor done; that they were in his own hand writing; that they were just and true, to the best of his knowledge and belief.

On his cross-examination he further swore, that all the original entries of his accounts were not made in the book produced in court; but that the most of them were made in that book; that he had another small book which he left at home, in which he made the original entries of his horse accounts. He called this his horse book; that he sometimes made charges in it, when the one produced in court was not handy, he sometimes made original entries in the small book, which he almost always carried with him; and that he sometimes, not always, transferred the entries in the small book, to the one produced in court. In reply to a question put to him by his counsel, he said that he had made no charge against the plaintiff in error, in the small book. The book was received in evidence by the justice, under objection made by the plaintiff in error, and without the production of the small book.

After other evidence had been given on the part of the plaintiff below, and he had rested his case, the defendant below offered to prove by witnesses call- ed for that purpose, that the character of Nickerson for truth and veracity was bad. This evidence was objected to by the plaintiff, Nickerson, and was reject- ed by the justice, to which the defendant below ex- cepted.

*H. F. Smith* for the plaintiff in error.

1. The justice erred in admitting in evidence the account book of Nickerson, it appearing that he had another book of original entry not in court. The two books should have been regarded only as parts of one. The defendant below had a right to examine both books for credits in his favor. The justice had no right to presume that either of the books contained no credits in favor of Winne. The book not produced might have contained credits enough to balance, or more than balance, the charges on the book received in evidence. If any thing in either book was made evidence against Winne, he had a right to all. the evidence in both, that all might be weighed together. The justice could not exclude one book and receive the other. For the same reason he could not receive one without the other. The whole of the party's books must be received, or none. *Larue vs. Rowland*, 7 *Barb. S. C. Rep.* 107.

2. The justice erred in excluding evidence to im- peach Nickerson. If Nickerson himself was unwor- thy of credit, and for that reason not to be believed *under oath*, much less could credit be given to writ- ten entries made by him, when under no moral or legal restraint whatever. 1 *Greenl. Ev.* § 118 *and*

*note, p.* 158.　7 *Watts & Sergt.* 391.　2 *Murphey (N. C.)* 314.　1 *Smith's Leading Cases,* 237.　1 *Kelly,* 231.

3. The justice having, on the trial before him, admitted improper evidence against the plaintiff, and having rejected proper evidence offered by the plaintiff in error, the County Court should have reversed the judgment of the justice.

*L. Cowdrey* for the defendant in error.

The small book referred to in the examination of the defendant in error, could not be considered as an account book. It was a mere memorandum of transactions in regard to horses.

The plaintiff below, having answered affirmatively the interrogatories prescribed by the statute, touching the account book offered, was entitled to have it received in evidence, unless for reasons appearing upon its face it ought to have been excluded. But no such objection was made.

The account book having been received in evidence, the statute fixed the character of the evidence which it bore. This is *prima facie* evidence. The impeachment of the party verifying the book could not change the character of the evidence of the book itself. The oath of the party to the account book is not evidence, but it is the book itself. The oath of the party is merely a pre-requisite for the admission of the book. That pre-requisite having been complied with, the evidence is ready to be offered, and if fair on its face, must be received; and the statute measures its effect. The impeachment of the party therefore would only go to impeach the statute which requires his preliminary oath, not at all to impeach the evidence of the

book. The oath of the party is addressed to the court, who is to decide as to its conformity to the requisites of the statute ; that being so, the court decides that the evidence is admissible, and it then goes to the jury. But the party is not a witness upon the issue. He gives no evidence to the jury. He verifies his book to the court, and then the court admits the book to the jury as evidence pertinent to the issue. How then, are the jury to judge of the nature and weight of evidence to impeach a witness who has never been sworn upon the issue before them ? The proposition of the plaintiff in error is similar to an offer to impeach a party swearing to an affidavit for a continuance, or to the loss of a paper, or the jurat to a bill or answer in equity. It is simply absurd.

*By the Court*, WHITON, C. J. On the trial of this case before the jury, the plaintiff below, (Nickerson,) offered his account book in evidence under the statute, and after he had been examined on oath in the manner prescribed by the statute, the book was received. The defendant (Winne) objected to the introduction of the book, on the ground that the plaintiff disclosed, on his cross-examination, that he had another book (in which he made entries occasionally, when his other book, produced in court, was not at hand,) which he did not produce at the trial ; but the justice overruled the objection. The facts disclosed by the plaintiff, on his cross-examination, we think do not show, that the book which was not produced, was properly an account book. He states that it was a book in which he sometimes made charges, when the book produced in court was not at hand ; that he made in it, the original entries of his

JUNE TERM, 1853.

Winne vs. Nickerson.

horse account, and called it his " horse book ;" that he always carried it with him ; and that he sometimes transferred the entries contained in it to the one produced in court, He stated further, that the book contained no charge against the defendant.

We think the justice decided correctly in receiving the book which was produced, although it appeared that the plaintiff had another, of the kind he described. Admitting that the position taken by the counsel of the plaintiff in error is correct, that where there are two books in which original entries had been made, they must both be produced, in order to enable the party to introduce either of them in evidence, yet it does not appear that the one which was not produced, was of such a character as would have authorized its introduction as evidence, if it had been offered. It was a book in which entries were made occasionally only, and contained only entries of a particular kind, except those which were made when his other book was not at hand ; it was carried about the person of the plaintiff, and appears not to have been such a book as the statute allows a party to use as testimony.

It appears from the return of the justice, that after the account book of the plaintiff had been received, the defendant offered to prove that the character of the plaintiff, for truth and veracity, was bad. This testimony was offered for the purpose of impeaching the account book of the plaintiff, which the justice had received in evidence. The plaintiff objected to the introduction of the testimony, and the justice sustained the objection. We think the testimony admissible upon general principles, and the authorities seem to sustain that position. (*Barber vs. Bull, 7 Watts & Sergeant*, 391. *Greenlf. Ev.* § 118.) But our statute

(*Rev. Stat. chap.* 98, § 81,) so completely changes the law applicable to the subject, as to justify the rejection of the testimony by the justice.

This section provides that when certain facts are satisfactorily established by the examination on oath of the party offering the book, it shall be received as *prima facie evidence*, in proof of the charges therein contained. The testimony offered to impeach it, was, therefore, immaterial, for it must have the same effect whether impeached or not. There is no evading this consequence. If the statute had merely provided that the book should be received as testimony, there is no doubt that the evidence offered to impeach it would have been admissible ; but by providing that it shall be received as *prima facie* evidence in proof of the charges contained in it, the legislature have determined before hand, what the effect of its introduction shall be. Of course, it is subject to be rebutted, but it cannot be impeached without destroying the effect which the legislature have determined it shall have. If a bill in equity requires the answer of the defendant on oath, and the defendant answers as he is required, the answer, so far as it is responsive to the bill, has an effect given to it as testimony, irrespective entirely of the character of the defendant who swears to it ; and the legislature have determined with precision what effect shall be given to account books, when received as evidence, without regard to the character of those who keep them.

If the statute operates harshly, and prevents the introduction of testimony necessary to a correct determination of the rights of parties litigant, the legislature, and not the courts, is the proper tribunal to apply a remedy.

The judgment of the County Court, affirming the judgment of the justice, must be affirmed.

Judgment affirmed with costs.