(60 Misc. Rep. 311.)

### PEOPLE v. TATUM.

(Supreme Court, Special Term, Queens County. June, 1908.)

1. PERJURY—ELEMENTS OF CRIME.

The elements of the crime of perjury to be alleged and proved are a judicial proceeding or course of justice; the swearing of defendant to give evidence therein; his testimony; its falsity; and its materiality to the issue or point of inquiry.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perjury, § 1.

For other definitions, see Words and Phrases, vol. 6, pp. 5305–5310; vol. 8, p. 7751.]

2. Same—Indictment—Conclusions—Falsity of Testimony.
   An indictment for perjury should state wherein the matter was false, and not merely allege the conclusion that he falsely stated in his testimony that he knew certain facts.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perjury, § 91.]

3. Same—Nature of Inquiry—Proceedings by Grand Jury.
   Where an indictment for perjury recited that "heretofore upon a hearing of a proceeding before this grand jury in the matter of the investigation of the department of buildings in and for the borough of Queens, * * * entitled 'The People of the State of New York against John Doe,' * * * the said accused was duly and regularly called as a witness in said proceeding and was regularly sworn," it was inferable that the grand jury, under the guise of a fictitious defendant, was engaged in a general investigation into the affairs of a governmental department; and, since a grand jury is not charged with the general supervision and regulation of public officials, the indictment did not show that the testimony was material or relevant to any competent inquiry.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perjury, §§ 82–89.]

4. Same.
   An indictment for perjury committed on proceedings before a grand jury must state the matter under investigation by the grand jury, so that defendant may be prepared to show at the trial, if he can, that, even though the testimony be false, it was not material to the investigation.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perjury, §§ 72, 73.]

Frank Tatum was indicted for the crime of perjury. Hearing on demurrer to indictment. Demurrer sustained.

Ira G. Darrin, Dist. Atty., for the People.
George W. Schoonmaker, for defendant.

GARRETSON, J. The defendant has been indicted by the grand jury of the county of Queens for the crime of perjury. He has demurred to the indictment, assigning as the ground thereof that it appears from the face of the indictment that the facts stated do not constitute a crime. The indictment is framed substantially as follows:

"That heretofore, upon a hearing of a proceeding before this grand jury in the matter of the investigation of the department of buildings in and for the Borough of Queens city and state of New York, entitled 'The People of the State of New York against John Doe,' held at the jail building in the First Ward of the borough of Queens aforesaid, on or about the 23d day of March in the year of our Lord 1908, which said grand jury had jurisdiction of the matter then under investigation, so entitled as aforesaid, the said Frank Tatum was duly and regularly called as a witness in said proceeding, and was duly and regularly sworn that his testimony then and there given would be the truth, the whole truth, and nothing but the truth; and, while said Frank Tatum was such witness in said proceeding as aforesaid, he did feloniously, willfully, and knowingly testify falsely in a material matter then and there under investigation, in that he, the said Frank Tatum, did feloniously, willfully, and knowingly falsely state in his testimony that he knew that, * * * etc. [reciting the testimony alleged to have been given, at length], which statements and testimony so given by the said Frank Tatum were and are, and were known to him to be, false, which acts of the said Frank Tatum are contrary to the form of the statute in such case made and provided," etc.

While the Code of Criminal Procedure has abolished all pre-existing forms of pleadings, and has prescribed the rules by which the sufficiency of pleadings is determined (section 273), and has declared

among other things that only "a plain and concise statement of the act constituting the crime, without unnecessary repetition is requisite" (section 275), and that it shall be deemed sufficient if it can be understood from the indictment that the act or omission charged as the crime is plainly and concisely set forth, and is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case (section 284), it is permissible upon demurrer to critically examine the allegations of fact to ascertain if the constituent elements of the crime charged are contained in the indictment, and, if it is found to be materially defective in substance, to so declare, and pronounce judgment accordingly. The citizen may not be put upon his trial for an alleged criminal offense, except by due process of law, and may not be called to plead upon the merits, unless the charge against him is so alleged in respect to matters of fact as to constitute a crime.

The elements of the crime of perjury to be alleged and proved are (1) a judicial proceeding or course of justice; (2) the defendant having been sworn to give evidence therein; (3) his testimony; (4) its falsity; (5) its materiality to the issue or point of inquiry. 2 Bishop on Criminal Procedure (3d Ed.) § 901.

The first specification of the several elements referred to is technically characterized in law as mere introduction or inducement, and need not be charged directly or in detail, but may be alleged in general terms. Id. § 905; Code Cr. Proc. § 291.

The remaining specifications of the several elements constitute together the substance of the crime (the gist of which is the falsity of the testimony), and the facts in respect thereto must be stated with definiteness and particularity; and this may, and should, be done plainly and concisely, without unnecessary repetition. In the indictment in question, we find sufficient allegations that the defendant was sworn, that he testified, and the particulars of his testimony; and we also find a general allegation of its materiality, which ordinarily might be deemed sufficient in connection with an unexceptionable averment of jurisdiction in the court or body before whom the oath alleged to be false was taken. The indictment, however, states no fact showing wherein the testimony is false. The allegations are that the defendant "did feloniously, willfully, and knowingly testify falsely in a material matter then and there under investigation"; and, again, that he did in like manner "falsely state in his testimony that he knew," etc. These are but conclusions, and not allegations of facts. The indictment should state wherein the matter was false, commonly called assigning the perjury. This is, as has been stated, the gist of the offense and the averment in respect thereto should be direct and specific, not in terms of uncertain meaning or by way of implication. Simply to say that the defendant falsely swore is not adequate. Bishop, etc., supra, § 918. In the approved form of pleading, after setting out the substance of what was sworn to, the indictment proceeds, "whereas in truth and in fact," stating wherein such matter was false. An added allegation in such form setting forth what the truth or fact was would show wherein the falsity consisted, and advise the defend-

ant of the particulars of the offense in that regard, and indicate, also, the materiality of the testimony charged to be false. From the foregoing considerations it follows that in that regard the acts charged in the indictment under consideration, as the crime of perjury, are not plainly and concisely set forth, and are not stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case.

It is also urged against the sufficiency of the indictment that it fails to set forth that the grand jury was engaged in inquiring concerning any offense against the criminal law when the defendant gave the alleged false testimony, or that the matter then before that body was within the purview of its duty and powers as prescribed by law, and that it does not appear that such testimony was in any wise material or relevant to any competent inquiry, or that the defendant witness was sufficiently apprised thereof. As we have stated above, in order to constitute the offense, there must exist and be charged a judicial proceeding or course of justice, and the giving of false testimony material to the point of inquiry. It is well settled that, if the testimony is in no sense material, the giving of it does not constitute perjury, even though the testimony is false; also that the testimony must have been given in an action, proceeding, hearing, inquiry, or on any occasion in which an oath is required by law. Such is the language of the statute defining the crime of perjury. Pen. Code, § 96. It is apparent from the indictment that the grand jury was at the time engaged in a general investigation, and not inquiring concerning any particular crime. The recital therein is:

"That heretofore upon a hearing of a proceeding before this grand jury in the matter of the investigation of the department of buildings in and for the borough of Queens, * * * entitled 'The People of the State of New York against John Doe,' * * * the said Frank Tatum was duly and regularly called as a witness in said proceeding and was regularly sworn. * * *"

The general powers and duties of a grand jury are to inquire into all crimes committed or triable in the county and to present them to the court. Code Cr. Proc. § 252. They also have imposed upon them the duty by express command of the statute to inquire (1) into the case of every person imprisoned in the jail of the county on a criminal charge and not indicted; (2) into the condition and management of the public prisons in the county; and (3) into the willful and corrupt misconduct in office of public officers of every description in the county. It is fairly inferable from the indictment that the grand jury, under the guise of a fictitious defendant, was engaged in a somewhat general investigation into the affairs of one of the governmental departments of the borough of Queens, and was not making inquiry concerning the commission of a crime by any particular person. While it cannot also be inferred, it may be conjectured therefrom, that they were seeking to ascertain concerning possible or even probable violations of the law by officials in that department. It is the right and duty of the grand jury to promptly and fearlessly inquire into the conduct of all public officials in the county, and, as incidental thereto, it may be necessary to enter into a somewhat extended investiga-

tion of the affairs of a department of the government; but this course will ordinarily not be taken unless the grand jury has reason to believe that a public official has so far failed in his trust as to have abused it willfully and corruptly. A grand jury is not charged with the general supervision and regulation of public officials, and is not clothed with plenary powers in respect to the manner in which they shall perform their duty. Hence the institution of a general investigation by the grand jury ostensibly in the public interest, not inspired by reasonable grounds of belief that public officials have been guilty of willful and corrupt misconduct in office, is not to be encouraged, even if it can be said to have any warrant in the law. At common law it was necessary that an indictment for perjury should set forth at length the proceedings in which the alleged perjured testimony was given. This is no longer required; for by statute it is now sufficient to set forth the substance of the controversy or matter in respect to which the alleged crime was committed, and in what court or before whom the oath alleged to be false was taken. Code Cr. Proc. § 291.

The indictment in question refers to what may be deemed a general inquiry, and does not specify the subject under investigation, which may or may not have been an alleged crime, or the willful and corrupt misconduct in office of a public official. That it was "the matter of the investigation of the department of buildings," even though entitled "The People v. John Doe," is not sufficient, in that it does not disclose that the testimony alleged to have been falsely given was material. "To constitute perjury, the false testimony must be given concerning a material matter under investigation. Wood v. People, 59 N. Y. 117; People v. Root, 94 App. Div. 84, 87 N. Y. Supp. 962. The purpose of an indictment is to enable the defendant to prepare for trial and to prevent a second indictment for the same offense. People v. Corbalis, 178 N. Y. 516, 71 N. E. 106; People v. Dumar, 106 N. Y. 502, 13 N. E. 325; Phelps v. People, 72 N. Y. 334; Wood v. People, 53 N. Y. 511. If it does not do this it is not good pleading. The indictment does not state the substance of the controversy or matter being investigated. A grand jury undoubtedly has large inquisitorial powers, and may require witnesses to testify as to whether a crime has in fact been committed. But, when it comes to framing an indictment for perjury committed on such an examination then the matter under investigation must be stated, so that the defendant may be prepared to show at the trial, if he can, that, even though the testimony be false, it was not material to the investigation." The People v. Gillette (Sup., May term, 1908) 111 N. Y. Supp. 133. It follows that there must be judgment for the defendant allowing the demurrer.

But, inasmuch as the court is of the opinion that the offense charged in the indictment was probably committed upon a proper inquiry by the grand jury concerning the misconduct of public officials in the bureau of buildings for the borough of Queens, and the inquiry was concerning a material matter, and that the relevant facts going to make up the offense sought to be charged exist, and is also of the

opinion that the objections on which the demurrer is allowed may be avoided in a new indictment, it is directed that the case be submitted to the next grand jury.