### MIODOWNICK v. FISCHMAN.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

1. LIBEL AND SLANDER (§ 123*)—PRIVILEGED COMMUNICATIONS—QUESTION FOR JURY.

Where the facts on which defendant, in an action for libel, bases his claim that the writing complained of was a privileged communication are in dispute, the question of privilege is for the jury; and it is only where the facts are not controverted that the trial court may determine, as a matter of law, that the writing is a privileged communication.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 362; Dec. Dig. § 123.*]

2. LIBEL AND SLANDER (§ 123*)—PRIVILEGED COMMUNICATION—ACTUAL MALICE —QUESTION FOR JURY.

Whether plaintiff, in an action for libel defended on the ground that the writing complained of was a privileged communication, proved actual malice, was for the jury.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 362, 363; Dec. Dig. § 123.*]

Appeal from Trial Term, Kings County.

Action for libel by Morris Miodownick against Israel Fischman. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

Leopold Moschcowitz, for appellant.

Eugene I. Gottlieb, for respondent.

RICH, J. The parties are members of a fraternal body, of which the defendant is treasurer. The libel is contained in a letter, addressed to the lodge and read to its members, purporting to be a complaint against the plaintiff, with specifications, on which charges were later based, upon the trial of which the plaintiff was exonerated. The defendant contends that this was a privileged communication, in consequence of which it devolved upon the plaintiff, before he could recover, to prove the existence of express malice, and that the learned trial court erred in denying his motion to dismiss the complaint, and in submitting to the jury as a question of fact whether or not the communication was privileged.

The facts upon which the defendant bases his claim of privilege were in dispute, and it therefore became the duty of the trial court to submit that question to the jury. It is only where such facts are not controverted that a trial court is privileged to determine, as matter of law, that the writing containing the libel is a privileged com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

munication. Lovell Co. v. Houghton, 116 N. Y. 520, 22 N. E. 1066, 6 L. R. A. 363. So fair and impartial was the charge of the learned trial justice that no exception was taken to any portion of it by counsel for either party, and no objection was taken to the submission of the question as to whether the communication was privileged. The question as to whether the plaintiff had proven actual malice was also one of fact for the determination of the jury. Hamilton v. Eno, 81 N. Y. 124.

The verdict is supported by the evidence, and the judgment and order must be affirmed, with costs. All concur.