THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN GRACY, Relator, *v.* WILLIAM R. STROHSON, Sheriff of the County of Nassau, and Another, Respondents.

Supreme Court, Nassau County, May, 1926.

Courts — extraordinary term — habeas corpus to determine validity of indictment returned on May first against relator at extraordinary term of Supreme Court — court convened on April seventh pursuant to order of Governor " to continue so long as may be necessary "— clerk's minutes show court was adjourned on same day " until further order of the court "— grand jury sworn and proceeded with its sessions until May first — adjournment was merely recess pending termination of grand jury investigation and reception of report — writ dismissed.

An indictment returned against the relator by a grand jury summoned at an extraordinary term of the Supreme Court which was convened April 7, 1924, pursuant to an order of the Governor " to continue so long as may be necessary for the disposal of the business which may be brought before it " is valid, where, though immediately after the grand jury was sworn and charged, the court according to an entry in the clerk's minutes was " adjourned until further order of court " and did not reconvene until May 1, 1924, when the indictment in question was found, the grand jury, during the time intervening, having proceeded with its investigation under the charge of the court, for the reason that the adjournment taken on April seventh was merely a recess pending the result of investigation by the grand jury and not an adjournment *sine die*, and the relator and all others involved in the indictments found by the grand jury

proceeded to trial before the extraordinary term without protest and raised no question of the validity of the indictments until the Attorney-General moved for a retrial of the cases after a reversal of the judgment of conviction; the convening of the court on May first was for the specific purpose of receiving the report of the grand jury which was old business pending before the extraordinary term.

Habeas corpus proceeding attacking the validity of an indictment returned against the relator at an extraordinary term of the Supreme Court.

*Peter P. Smith* [*Abel E. Blackmar, Alfred M. Schaffer* and *Henry A. Uterhart* of counsel], for the relator.

*Albert Ottinger, Attorney-General* [*Kenneth M. Spence, Deputy Attorney-General,* of counsel], for the respondents.

Hagarty, J. By this writ of habeas corpus the relator, John Gracy, challenges the validity of the indictment returnend against him by the grand jury of Nassau county on the 1st day of May, 1924, at an extraordinary term of this court. This extraordinary term of the court was convened on the 7th day of April, 1924, pursuant to an order of the Governor " to continue so long as may be necessary for the disposal of the business which may be brought before it." By the order of the Governor, dated March 5, 1924, the Attorney-General was directed to investigate complaints and charges made against public officials of Nassau county. The grand jury was summoned, and upon the 7th day of April, 1924, the first day of the term, was sworn and charged by the presiding justice. The clerk's minutes then contain the following entry: " The court adjourned until further order of the court." Thereafter the grand jury proceeded with its investigation under the charge of the court, and held many sessions during the month of April, until the first day of May, when the indictment was found against the relator, charging him with grand larceny in the first degree and with misappropriation and conversion of public funds. The relator was brought to trial at the same term upon the indictment on the 16th day of June, 1924, and convicted. The judgment of conviction, however, was reversed upon appeal and a new trial granted.

The relator now seeks to have it determined that the extraordinary term ended on the day it convened, *i. e.,* the 7th day of April, 1924, because the court adjourned *sine die,* and not from day to day, or to a specified day in the future. The relator relies largely upon the reasoning of the opinion written by the Court of Appeals in *Matter of Reynolds* v. *Cropsey* (241 N. Y. 389). Reynolds was indicted at the same time as the relator, tried and convicted at the

same extraordinary term of the court, and his conviction also was reversed. When the Attorney-General moved or was about to move the retrial of the relator and Reynolds, Reynolds applied to the Appellate Division of this department for an order granting a writ of prohibition. (215 App. Div. 683.) The order denying the motion as matter of law was reversed by the Court of Appeals, which court held that the order made by the justice presiding at the extraordinary term, on the 26th day of December, 1924, terminated the extraordinary term. As I read the opinion, the term ended not only because the adjournment was *sine die*, but also because the business of the court had been concluded. The retrial of Reynolds and the relator was not old business pending before the extraordinary term, but was new business to be transacted before the regular term of the court. The adjournment taken on the 7th day of April, 1924, was understood by all concerned to be a recess pending the result of the investigation by the grand jury. That this is so appears from the fact that the relator and all others involved proceeded to trial without protest, and no question was raised until the movement for retrial by the Attorney-General, after reversal of the judgments of conviction. The reasons for convening the extraordinary term were investigations by the grand jury and action upon the results. It is the understanding and the intention, in the light of all the surrounding circumstances and conditions, that must control. To quote from the opinion of the court: " We do not mean to hold that the ending of a term of court is dependent entirely upon a form of words used by a clerk in making his entries. Circumstances and conditions may indicate that the entry was an error and that no such effect was intended or understood." Having in mind the fact that the trials had been concluded, and that no business had been conducted by the extraordinary term of the court for a long period of time, the court continued: " But taking the entries in this case followed by a suspension of all business for months leaves no doubt about the correctness of the entry and that the term was intended to be continued or adjourned indefinitely or in the discretion of the trial justice, which is the same thing." Again, the court says: " If the minutes showed that the court *with no unfinished business pending before it* had adjourned without fixing a day then the same result would have followed," *i. e.*, the termination of the term. In my opinion, the court was properly in session when the indictments were presented, and the writ should be dismissed and the relator remanded.