SOL DOUGLAS, Plaintiff, *v.* CORNELIUS F. COLLINS, Defendant.

Supreme Court, Kings County, June 15, 1934.

*Douglas & Douglas*, for the plaintiff.

*Rifkind & Reilley*, for the defendant.

CONWAY, J. Defendant moves to dismiss the complaint pursuant to rule 107, subdivision 9, of the Rules of Civil Practice. This rule and subdivision provide that when a defect does not appear on the face of the complaint the defendant on affidavits may move to dismiss on the ground " that the cause of action did not accrue against the defendant because of his infancy or other disability." Defendant's claimed disability or immunity to suit is that he was a judge of the Court of General Sessions in the city and county of New York. No objection is made that defendant is improperly proceeding under this rule.

The action is brought by plaintiff, an attorney at law, to recover damages of $100,000 for the utterance by defendant of the following slanderous remarks of and concerning plaintiff: " You're not a lawyer; you're a faker; you're a bluffer; you're an actor; don't strike me."

The complaint simply states the alleged slander occurred on January 24, 1934, at four-fifteen P. M., in the Criminal Courts Building on Centre and Worth streets, in the borough of Manhattan, city, county and State of New York.

In his affidavit plaintiff amplifies this by saying it took place " after court had adjourned and while the court was not in session, after the jury departed, while the judge was off the bench actually and physically, and that no stenographic record was being made at the time." However, while plaintiff's version is substantially true as far as it goes, there is no denial of the following additional facts which appear in defendant's affidavits:

The occurrence took place in the courtroom, part VII of the Court of General Sessions, where defendant was the judge presiding, after defendant had ordered a continuance or adjournment of the case on trial until the following morning. The case on trial was People v. Wilkes, which was commenced on January 15, 1934, and concluded on February 2, 1934. Immediately preceding the occurrence on January twenty-fourth there had been a heated argument, during which the jury was excused, concerning the application of the prosecutor to commit Wilkes without bail during the remainder of the trial. When defendant intimated he might grant the application, plaintiff became abusive toward defendant, and defendant reprimanded plaintiff. Immediately thereafter, upon adjourning the trial of the case, as defendant was descending from the bench and before defendant had proceeded more than ten feet in the courtroom, the defamatory statements imputed to defendant are alleged to have been made.

All of the above facts are, in the main, uncontradicted and undenied.

The rule is that, with respect to any defamatory statements made by a judicial officer in the due course of his official acts, he is absolutely privileged and is immune from civil liability. (*Lange* v. *Benedict*, 73 N. Y. 12; *Valesh* v. *Prince*, 94 Misc. 479; affd., 177 App. Div. 891; affd., 224 N. Y. 613; *Gans* v. *Callaghan*, 135 Misc. 881; affd., 231 App. Div. 735; appeal dismissed, 256 N. Y. 552; *Karelas* v. *Baldwin*, 237 App. Div. 265.)

Neither plaintiff nor defendant disputes the rule. But plaintiff contends the statements alleged in the complaint were not made by defendant in the due course of his official acts. I think a fair interpretation of the facts, as heretofore recited, leads to the conclusion that the alleged defamatory statements, which were made in the courtroom, were so inseparably connected with the trial then pending before defendant that they must be considered part of the trial and to have been uttered by defendant as a judge in the due course

of his official acts. Certainly they grew out of the discussion or argument that had just been had between court and counsel on the prosecutor's application to hold Wilkes without bail, and they were a direct outgrowth or result thereof. It can hardly be said that a judge loses jurisdiction of the litigants and counsel while the trial of an action or proceeding is pending simply because he makes a move to get off the bench. He still has control of all proceedings, and for any contemptuous act committed in his presence in the court-room he still has the power to punish for contempt. (Judiciary Law, § 750.) His jurisdiction is not lost by an adjournment or continuance for a reasonable period. (*People* v. *Sullivan*, 115 N. Y. 185; *People ex rel. Gracy* v. *Strohson*, 127 Misc. 199; affd., 217 App. Div. 750; *Matter of Defazio* v. *Oneida County Court*, 140 Misc. 487; *Bradley* v. *Fisher*, 13 Wall. 335; *Green* v. *Morse*, 57 Neb. 391; 77 N. W. 925; *Carter* v. *State*, 14 Ga. App. 242; 80 S. E. 533; *Ashford* v. *McKee*, 183 Ala. 620, 635; 62 So. 879; *Barrett* v. *State*, 1 Wis. 175.)

The rule is that a court having obtained jurisdiction retains it until the final disposition of the case. (*Kamp* v. *Kamp*, 59 N. Y. 212; 15 C. J. § 139, Courts.)

The proposition as to judicial privilege is best put and answered in the following words in *Lange* v. *Benedict* (*supra*, at p. 36): " The case turns upon a question more easily stated than it is determined: Was the act of the defendant done as a judge? Our best reflection upon it, aided by the reasonings and conclusions of many more cases than we have cited, has brought us to the conclusion that as he had jurisdiction of the person and of the subject-matter, and as his act was not without the inception of jurisdiction, but was one no more than in excess of or beyond jurisdiction, the act was judicial."

In support of his contention that the alleged slanderous remarks are not privileged, plaintiff quotes the following statement from Newell on Slander and Libel ([4th ed.] at p. 395): " For any act done in any proceeding in which he [the judge] either knows or ought to know that he is without jurisdiction, he is liable as any ordinary citizen. And so he would be for words spoken after the business of the court is over."

However, this significant statement by Newell follows the part quoted: " An action will lie against him for defamatory words spoken maliciously and without reasonable or probable cause if they do not arise out of any matter properly before him. But if the conduct of the plaintiff be a matter in any way relevant to the inquiry, and the proceedings are within the jurisdiction of the magistrate, he may

express his opinion of such conduct with the utmost freedom, and no action will lie."

Here the alleged defamatory statements clearly arose out of a matter before defendant acting as a judge. Plaintiff's conduct clearly was a matter relevant to the inquiry, namely, the prosecutor's application to commit Wilkes without bail pending the outcome of the trial, and defendant, therefore, might express his opinion of such conduct with the utmost freedom.

Plaintiff argues that the defense of privilege is one that must be pleaded and proved, and cites in support of his contention *Magnus* v. *New* (212 App. Div. 123). While that is the rule, it does not bar a motion such as the one under consideration under rule 107 to dismiss the complaint before answer on the ground of defendant's disability. Nor does plaintiff urge, as already pointed out, that this motion is improperly made under rule 107.

Plaintiff also argues that where the facts on which defendant bases his claim of privilege are disputed or controverted, it is the duty of the court to submit them to the jury. This is a correct statement of the law, but, as already stated, an examination of the affidavits submitted discloses that there is no dispute or denial of the facts or of the circumstances under which the alleged slanderous remarks were uttered by defendant. The question of defendant's privilege, therefore, becomes one of law. (Newell Slander & Libel [4th ed.], p. 419; *Miodownick* v. *Fischman*, [Second Dept.] 134 App. Div. 246.)

Motion granted.