HYMAN DAVIDSON, Respondent, v. LOUIS HEYMAN, City Marshal, and Another, Appellants.— Appeal from an order of the Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Queens, in an action for conversion, and also affirming an order of that court denying defendants' motion to set aside the verdict and grant a new trial. Order of Appellate Term reversed on the law and the facts in so far as it affirms the judgment of the Municipal Court and also in so far as it affirms so much of the order as denies the motion to set aside the verdict, and unanimously affirmed in so far as it affirms so much of the order as denies the motion for a new trial; judgment of the Municipal Court reversed; motion to set aside verdict granted, and complaint dismissed, with costs in all courts. In our opinion, the mere fact that the seller of the merchandise and fixtures in question had ceased to do business and had closed her place of business prior to the execution of the bill of sale does not render the sale valid. Notwithstanding this fact, it was a sale in bulk within the meaning of the Bulk Sales Act. (Pers. Prop. Law, § 44; *Teich* v. *McAuley*, 212 S. W. 979.) Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ., concur.

GEORGE F. DEGE, JR., Appellant, v. MASCOT REALTY CORPORATION, Respondent.— Order of the County Court of Suffolk county vacating, on the ground of non-service of the summons and complaint, a judgment entered as upon a default in an action for a balance due for work, labor and services, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion remitted to that court to take oral proof on the issue of fact as to whether service of process was in fact made upon Christina Kousi, secretary and director of the defendant corporation. Proper practice required that oral testimony be taken on the issue respecting service of process. All the court had before it were the two affidavits, one of Kousi, denying she had been served, and one by Gottlieb, asserting that he had made service. This afforded no basis for deciding the question of fact. These two individuals should have been examined and subjected to cross-examination, and Irene Langis, who is said to have been served by mistake, should have been produced for examination and cross-examination. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ. concur.

SOL DOUGLAS, Appellant, v. CORNELIUS F. COLLINS, Respondent.*— Order dismissing complaint and the judgment entered thereon reversed on the law, with ten dollars costs and disbursements, and motion denied, and defendant given leave to answer within ten days. The parties differ in one very important respect, to wit, the time and the circumstances under which the alleged defamatory words were spoken and whether the matter in hand was at the time closed. The plaintiff asserts that it was after the closing of the matter, and the circumstances in a measure support him. The defendant denies this and says that the words were spoken in the course of his official duties. Possible liability or the exemption from liability will depend on these questions of fact. There was no absolute privilege or exemption under the circumstances shown. (*Coffin* v. *Coffin*, 4 Mass. 1.) Young, Scudder and Davis, JJ., concur; Carswell, J., concurs in result; Hagarty, J., dissents and votes to affirm. [152 Misc. 839.]