Nicholas M. Pette, J.
The defendant in a libel action moves for summary judgment.
Queensview Community, Inc., is a membership corporation whose members are stockholders and residents of a co-operative housing development consisting of 14 apartment houses, known as Joint Queensview Housing Enterprise, Inc. Each apartment house has a building council, and the members residing in each are members of the particular council. There is also a community council, consisting of 28 members known as building-representatives, two of whom are elected by each of the 14 building councils.
At a joint meeting held on December 17, 1958, by building councils 3 and 4 a resolution was adopted to censure a member of the board of directors of the housing corporation for certain remarks he allegedly made before the Board of Estimate of the City of New York, at a hearing in October, 1958, in connection with an application for a rent increase.
The plaintiffs in this action are the representatives of building council 3 and the defendant is an active member of the membership corporation and formerly was a member of the board of directors of Queensview Community, Inc., having- been a representative of building 7 of which the person censured was a resident.
The said defendant claims that the constitution and by-laws provide for a quorum at the building council meetings and the manner in which resolutions may be adopted for submission to the community council, which constitutes the board of directors of the membership corporation; that when the resolution adopted by buildings 3 and 4 was submitted to the board of directors of the membership corporation, the question was raised as to whether or not a quorum was present; that he thereupon took it upon himself to conduct an investigation of the residents of building 3 and was led to believe, as the result of such investigation, that no quorum was present even though the plaintiffs had certified that such was the case; he then wrote the following-letter to the president of the membership corporation:
*991 Mr. Norbert Wolf, President
Qneensview Community, Ine.
21-10 33rd Road
Long Island City 6, New York
Dear Mr. Wolf:
In reference to the resolution of censure on the agenda for the meeting of February 5th, I demand that you bring to the attention of the Council the following information:
I was going to write a letter to the editors of the local community newspapers on this matter and, as part of the information I needed, I canvassed the cooperators of Building 3. I asked them if they had attended the December meeting when the building resolution was passed. Here are the results of my canvass:
35 cooperators stated that they did not attend the meeting.
10 cooperators stated that they did attend the meeting.
7 cooperators did not answer as they were not at home.
In view of the above facts, it is impossible for a quorum to have attended the December meeting.
I, therefore, charge that the representatives of Building 3 perjured themselves when they certified that a quorum was present at that meeting, and that the Council should “ censure and condemn ” them for the irreparable harm they are doing to the Council and the community.
I have listed the names of every cooperator who answered me and the list will be made available to the entire Council in session, if requested.
Very truly yours,
J. L. Cherniek (Sgd.)
J. L. Cherniek
This letter is the basis of the plaintiffs’ respective causes of action in which each, as the representative of building 3, seeks general damages in the sum of $50,000, on the ground that the statements in the aforesaid letter charged each plaintiff with having “ perjured himself ”, such “ charge or imputation ” of plaintiffs’ “ commission of the crime of perjury ” being “ wholly false and untrue and known by the defendant to be so and the defendant was actuated by malice and wrongfully and wilfully intended by such publication to injure ’ ’ the respective plaintiffs.
The answer admits the sending of the letter and pleads two affirmative defenses, the first by way of qualified privilege and the second by way of mitigation of damages and partial justification.
The instant motion is made upon the grounds (1) that the letter to the president of Qneensview Community, Inc., read in its entirety, does not charge plaintiffs with the commission of the crime of perjury since it is not there stated that plaintiffs’ certification, at the December 17, 1958 meeting, that a quorum was present was made under oath, and (2) that in any event the publication was privileged since defendant had an interest in the *992 matter of the censure resolution and was under duty to call to the attention of the president of the membership corporation the failure of buildings 3 and 4 to comply with the requirements for a quorum.
While it is true that the elements of the crime of perjury are: a judicial proceeding or course of justice; the swearing of defendant to give evidence therein; his testimony; its falsity and its materiality to the issue at point of inquiry (People v. Tatum, 60 Misc. 311; Code Crim. Pro., § 291), and that “ naked words, unrelated to any occasion on which perjury was possible, would not be slanderous per se ” (Linehan v. Nelson, 197 N. Y. 482, 487), we are not dealing here with slander. This is an action in libel in which the question is: Are the false words of the publication on the face thereof reasonably capable of a defamatory meaning. The law of defamation is concerned only with injuries to one’s reputation. (Kimmerle v. New York Evening Journal, 262 N. Y. 99, 102.) “Any written or printed article is libelous or actionable without alleging special damages if it tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society. (Bennet v. Commercial Advertiser Assn., 230 N. Y. 125; Triggs v. Sun Printing & Pub. Assn., 179 N. Y. 144.) A publication is libelous per se where its tendency is to disgrace the plaintiff, and bring him into ridicule and contempt. (Morey v. Morning Journal Assn., 123 N. Y. 207.) ” (Sydney v. Macfadden Newspaper Pub. Corp., 242 N. Y. 208, 211-212.)
This court cannot say as matter of law that defendant’s letter charging “that the representatives of Building 3 [who could be no other than the two plaintiffs, one of whom is a lawyer and the other retired] perjured themselves when they certified that a quorum was present” was not susceptible of a defamatory meaning. Whether the publication of this letter, in and of itself, was, under all the circumstances herein, sufficient to bring plaintiffs into disrepute is a matter within the province of the jury and this court is unable to hold as a matter of law that the language used was not capable of a defamatory interpretation, but was, as claimed by the defendant, a mistake in the choice of words, and that when he said “ perjured ” he meant “ lied ”. In upholding the above, however, this court does no more than determine that it presents an issue of fact for a jury to decide. (Mencher v. Chesley, 297 N. Y. 94, 102.)
Whether the defendant was under duty to call to the attention of the president of the membership corporation that the resolu *993 tion of censure was adopted without a quorum being present at the meeting of building councils 3 and 4, of which he was not. a member and at which he was not present, likewise cannot be decided as matter of law, since the circumstances under which the communication was made are disputed or in doubt. “It is only when such facts are uncontroverted that a trial court is privileged to determine, as matter of law, that the writing containing the libel is a privileged communication.” (Miodownick v. Fischman, 134 App. Div. 246, 247; Seelman, Law of Libel and Slander in the State of New York, par. 281, p. 272; Newell, Slander and Libel [4th ed.], § 345, pp. 382, 383.)
The motion is, accordingly, denied.
Submit order.