■ EDWARD R. NORDMARK, Respondent, v. JAMES A. CLARK, Appellant, et al., Defendants.— In an action to foreclose a mortgage, defendant Clark appeals from an order of the Supreme Court, Suffolk County, dated August 21, 1958, which denied his motion for leave to renew and reargue his prior motion to vacate a default judgment of foreclosure and the Referee's deed thereunder, on the ground that he was never served with process. Order reversed, with $10 costs and disbursements, and motion remitted to the Special Term for the purpose of holding a hearing on the question of service of process upon said defendant Clark, and for the purpose of making a determination on the basis of the whole record, including particularly the evidence adduced at such hearing (*Dege* v. *Mascot Realty Corp.*, 243 App. Div. 546). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ ALLAN POSTIL, an Infant, by PETER POSTIL, His Guardian ad Litem, Appellant, et al., Plaintiff, v. COCA COLA BOTTLING COMPANY OF NEW YORK, INC., Respondent, et al., Defendants.— In an action to recover damages for personal injuries sustained by an infant plaintiff as a result of an alleged explosion of a bottle of Coca Cola carried by him in a shopping bag as he left the store where the purchase was made, the said plaintiff, by permission of this court, appeals from an order of the Appellate Term of the Supreme Court, dated June 29, 1961, which reversed a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, entered December 9, 1960 after trial on a jury's verdict of $650 in his favor, against the defendant bottling company, and which dismissed the complaint of said infant as to such defendant. Order affirmed, without costs. We find in this record no evidence that there was a defect in the bottle or that the tests made by defendant Bottling Company were inadequate or that it was otherwise negligent. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM CALVIN HILL, Also Known as CALVIN HILL, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Queens County, dated February 24, 1961, denying, without a hearing, his application to vacate a judgment of said court rendered April 30, 1956, on his plea of guilty, convicting him of attempted violation of section 1751 of the Penal Law as a felony (violations of the Public Health Law with respect to narcotic drugs), and sentencing him, as a third felony offender, to serve a term of 2½ to 10 years. Order reversed on the law, and proceeding remitted to the County Court, Queens County, for the purpose of holding a hearing and making a determination, not inconsistent herewith, on the basis of all the facts, including particularly those adduced at such hearing. No questions of fact were considered. In this proceeding defendant seeks to be resentenced as a second offender on the ground that one prior conviction against him occurred in the State of Washington at a time when he was 15 years of age; hence such foreign conviction does not constitute a felony conviction in New York State and it was erroneously made the basis for the imposition of sentence upon him as a third felony offender. If defendant is able to establish his assertion that he was 15 years of age at the time of his prior conviction in Washington, then he may be entitled to the relief sought (cf. Penal Law, § 1941; *People ex rel. Harrison* v. *Jackson*, 298 N. Y. 219; *People ex rel. Jones* v. *Martin*, 7 A D 2d 829, 830). In view of defendant's claim it is incumbent upon the court to hold a hearing; to examine into the facts as to the Washington conviction; to take proof as to defendant's age; and then to determine if such conviction would constitute a felony in this State if the crime charged had been committed by the defendant here on the date when it was committed in the State of Washington. Ughetta, Action P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.