Delivered January 23, 1891.

---

## MIDDLEBROOK & BROS. v. B. L. ZAPP ET AL.
### No. 3016.

1. **Levy Upon Interest of Partner.**—Article 2295, Revised Statutes, prescribes that "a levy upon the interest of a partner in partnership property is made by leaving a notice with one or more of the partners, or with a clerk of the partnership." This language indicates that it was the intention not only to provide that manner of levying upon such interest, but to exclude any other. A seizure is unlawful.

2. **Same—Remedy.**—Accounting as by bill in equity to ascertain the residue after payment of the partnership debts suggested as means of realizing upon such levy.

3. **Measure of Damages—Facts.**—Partnership goods were levied upon under an execution against one of the partners. At the sale the defendant in execution bought the goods. The amount of the value of the goods was charged to him in settlement with the partners, and the amount of the money made by the sale credited upon the execution. *Held*, that while such facts might satisfy the claim for the excess of value of the goods over that realized upon the sale, still they are not a defense where the seizure by the sheriff closed up the business and injured the credit of the firm. These constitute a cause of action upon which damages may be given.

4. **Opinion — Financial Standing.** — It is incompetent to admit the opinion of witnesses as to the probable effect the seizure under execution of the goods of a mercantile firm, with closing of their business, would have. Such fact of injury, if it existed, could be proved directly.

APPEAL from Fayette.    Tried below before Hon. H. Teichmueller.
The opinion gives a statement.

*R. H. Phelps* and *J. Lane*, for appellants.—1. The testimony as to the probable effect the seizure would have upon the credit and standing of a merchant was competent evidence, tending to show in part the damages suffered by plaintiffs, and should have been admitted.

2. The charges asked contained substantially the law of the case and were such as should have been submitted to the jury under the evidence introduced.

3. The court below erred in its charge to the jury directing them to find for the defendants, as it is only when the evidence is all on one side and when there is no controversy as to the facts or the inferences to be drawn therefrom that the trial court should take it upon itself to withdraw a case from the jury and instruct the jury how and what it should find. Grinnan v. Dean, 62 Texas, 218; Sup. Council v. Anderson, 61 Texas, 296; Eason v. Eason, 61 Texas, 225.

*W. H. Ledbetter*, for appellees.— The question in this case is whether the levy made by appellees on the goods of C. W. Meyer was legal or illegal. The district judge before whom this case was tried charged the jury that the levy was not illegal, and we contend that the court did not err in its charge.

Article 2295, Revised Statutes, which reads, "A levy on the interest of a partner in partnership property is made by leaving a notice with one or more of the partners or with a clerk of the partnership," is not mandatory, but is only a cumulative mode of making the levy. To forbid the sheriff to take actual possession of property, so that he might ascertain the actual amount of the property levied on, and compel him to leave the same in the hands of an irresponsible partner or an irresponsible clerk to continue to dispose of, and after sale to require the plaintiff in execution to bring suit for partition, with no data to base his suit on, seems to us as not a proper construction of said article 2295. If the partnership be indebted and it should require all the partnership property to pay debts, then the other partner could enjoin until there could be an accounting. Rogers v. Nichols, 20 Texas, 719.

Article 2293, Revised Statutes, provides that "A levy on horses, mules, jacks, jennets, horned cattle, or hogs running at large on the range may be made," etc. Now suppose the officer actually takes bodily possession of horses, cattle, or mules running at large on the range, would not the levy be legal? We think it would. So the language used in article 2295, "A levy on the interest of a partner in partnership property is made," etc., means that the levy may be made in this manner by taking possession of the property if so desired.

The levy in this case was made on the property as the property of C. W. Meyer, the plaintiffs believing it was his property; it was sold as his property, but the proof showed it to be partnership property.

The proof further shows that C. W. Meyer was charged in final settlement with the proceeds of these goods, and we can not see how the Middlebrook Bros. part of the concern was injured by the levy; and the proceeds of the sale of the goods was credited on the execution against C. W. Meyer & Bro., and it seems no injury was done to any member of the partnership.

GAINES, ASSOCIATE JUSTICE.—In Middlebrook & Bros. v. B. L. Zapp and L. & H. Blum, 73 Texas, 29 (which suit was brought in the court below by the appellants as a partnership composed of I. Middlebrook, R. O. Middlebrook, and Mrs. Julia Meyer, the wife of C. W. Meyer), it was held that the husband, who only joined as party plaintiff *pro forma,* was the real partner and party at interest in the subject matter of the litigation, and that the plaintiffs could not recover in that suit. For that reason the judgment for the defendants was affirmed. The present action was brought by the Middlebrooks and C. W. Meyer as partners to recover upon the same cause of action proved in the former suit. The grounds of the action are very fully stated in the opinion in that case, and need not be here repeated.

The evidence showing that the levy was made by the actual seizure of a part of the partnership property, the court instructed the jury as follows: "From the undisputed evidence in this cause it appears that the levy complained of was not illegal, that the property seized was not in excess of the interest of the defendant in execution in the partnership property, and that whatever injury the plaintiffs may have sustained is not the result of any unlawful or wrongful act of the defendants. You are therefore instructed to return a verdict for the defendants." We are of opinion that the instruction was erroneous. In the opinion in the former case it is said: "Our statutes point out the mode of levying upon the interest of a partner for his individual debt. That mode not having been pursued in this case, and an unwarranted trespass having been committed, the defendants in this suit made themselves liable to the owners of the goods for whatever damages they sustained by reason of the unlawful seizure. Rev. Stats., art. 2295."

But in order to support the ruling of the court below, counsel for appellees insist in effect that this construction is not correct; that the language of the article cited is merely permissive, and that it was not intended to prohibit a levy upon partnership property for the debt of one of the partners as at common law. Counsel in support of his contention submits that the article in question should be construed like article 2293, in reference to a levy of live stock running at large. But in the construction contended for we do not concur. The language used in article 2293 is essentially different from that under consideration. That article reads in part as follows: "A levy upon horses, mules, jacks, jennets, horned cat-

tle, or hogs running at large on a range, and which can not be herded and penned without great inconvenience and expense, may be made," etc. The words "may be" are permissive, and admit of the construction that the remedy was cumulative upon that of the common law, and were intended to give the plaintiff or the sheriff the option of making the levy either in the mode there pointed out or by an actual seizure of the property.

Not so, however, with article 2295. There the language is, "A levy upon the interest of a partner in partnership property is made," etc., and indicates to our minds that it was the intention not only to provide that manner of levying upon such interest, but to exclude any other. The object of the statute was to protect the interests of the partner or partners who are not defendants in the execution; and the provision is eminently wise and just. At common law, according to the better opinion, only the interest of the partner against whose property the writ issued which remained after the debts were settled could be sold; and this could ordinarily be ascertained only by an account, which frequently had to be enforced by a bill in equity. A similar remedy may be applied under the present law, and, as it seems to us, is practically as effective as the procedure under the former rules.

But appellees insist that since the goods were purchased by Meyer at the execution sale, and the Middlebrooks upon the settlement of the partnership business received their full share of the assets as if the levy had not been made, and the proceeds of the sale went to pay Meyer's debt, no damage was shown. Even should it be held that the fact that Meyer bought and received the goods relieved the defendants from liability for the difference between the amount for which they were sold and their value at the time of the seizure (a question we do not now determine), there was other damage for which the plaintiffs were entitled to a recovery. The closing of the house, the consequent cessation of business, and the detention of the goods were wrongs for which they were entitled to compensation. We apprehend that serious questions may arise upon another trial as to the elements and measure of damages, but we shall not undertake to anticipate them and decide them in advance.

There was no error in excluding testimony as to the probable effect of the levy upon the credit of plaintiffs. Conceding for the sake of the argument that the loss of credit is a proper element of damage in the case — if such was the result of the levy — it was a fact capable of direct proof and could not properly be established by mere testimony that such a loss was likely to be a probable effect of the seizure.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 23, 1891.