**J. M. RADFORD GROCERY CO. et al. v. OWENS et al.**

(Court of Civil Appeals of Texas. Amarillo. Nov. 22, 1913.)

1. INJUNCTION (§ 115*) — PROCESS — AMENDMENT OF PETITION.

Plaintiff sued defendants to restrain the execution sale of his interest in a firm composed of himself and another, and, after a temporary restraining order was issued, an amended petition was filed by plaintiff and another composing such firm by which they were substituted as plaintiffs, after which a permanent injunction was granted by default. *Held*, that the court did not have jurisdiction to grant the permanent injunction, where there was no citation or notice to defendants after the filing of the substituted petition and no answer filed thereafter or appearance otherwise made by defendants.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 221, 222; Dec. Dig. § 115.*]

2. PARTNERSHIP (§ 220*)—ENJOINING LEVY—INTEREST IN PARTNERSHIP PROPERTY.

Under Rev. Civ. St. 1911, art. 3743, providing that a levy upon the interest of a partner in partnership property is made by levying a notice with one or more of the partners or a clerk of the firm, a partnership cannot maintain a suit to enjoin the levy of execution upon the interest of a partner, though it would result in suspending the partnership business, since such levy would work no change in possession of the property.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 446–465, 467–469; Dec. Dig. § 220.*]

3. EXECUTION (§ 172*) — INJUNCTION—JURISDICTION.

In a suit to restrain an execution on account of fraud in obtaining the judgment, the writ should be made returnable, under the statute, to the court in which the judgment was rendered.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. § 172.*]

4. APPEAL AND ERROR (§ 758*)—FUNDAMENTAL ERROR—PRESENTATION BELOW.

The Supreme Court will notice as fundamental error the rendition of a judgment for plaintiffs on a substituted petition, when defendants had not been cited and had not filed an answer or otherwise appeared.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. § 758.*]

Error to Foard County Court; T. W. Staton, Judge.

Suit by R. T. Owens and another against the J. M. Radford Grocery Company and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

See, also, 159 S. W. 453.

A. H. Kirby, of Ft. Worth, and R. W. Haynie, of Abilene, for plaintiffs in error. R. S. Houssels and J. Shirley Cook, both of Vernon, for defendants in error.

HENDRICKS, J. R. T. Owens instituted this suit by original petition and application for injunction against the sheriff of Foard County, Tex., and the J. M. Radford Grocery Company, a corporation with its principal

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

place of business in Taylor county, Tex., to restrain the sale, under execution, of Owens' partnership interest in the partnership property of Owens & Beaty, a firm composed of D. P. Beaty and R. T. Owens, doing business as a mercantile partnership in said Foard county, Tex. The suit was instituted in the county court of Foard county, Tex., and the county judge awarded a temporary restraining order, and thereafter the Radford Grocery Company filed its plea of privilege to be sued in Taylor county, Tex., further averring that the writ of injunction should be returned to the county court of Taylor county, in which court judgment against the said Owens, upon which this execution was issued, was rendered. Thereafter, by a first amended original petition and with a continuation of the prayer for the writ of injunction, D. P. Beaty and R. T. Owens, composing the firm of Owens & Beaty, were substituted as parties plaintiff in said petition for injunction, and the county court of Foard county entered final judgment and perpetuated the temporary order against the Radford Grocery Company and the said sheriff of Foard county, restraining the sale, under execution, of said Owens' interest in the partnership property.

No citation or any notice to the Radford Grocery Company or the sheriff of Foard county appear in the transcript, and the amended cause of action mentioned both. There does not appear in the transcript any answer filed by either of the parties defendant, or any appearance, by any method, of said defendants in court, with reference to said cause of action. It is to be noted that the plea of privilege of the Radford Grocery Company is addressed to the original petition of the said Owens and not to any petition in which Owens & Beaty, as constituting a partnership, are parties plaintiff.

[1] It is clear that the county court, upon this substituted petition, with the substituted parties plaintiff composing the partnership of Beaty & Owens, could not render a judgment in their favor perpetuating the temporary restraining order without the Radford Grocery Company and the sheriff of Foard county having been notified of said suit or making an appearance in court in some manner in answer to said new cause of action, and this judgment will necessarily have to be reversed upon that ground.

[2] Plaintiffs in error raise the question in this court that the county court of Foard county erred in assuming jurisdiction in this case for the reason that the injunction was to restrain the enforcement of a judgment of the county court of Taylor county, and that said latter county and not Foard county had jurisdiction of said matter. They raise the further question that, when an execution is issued out of the county court of one county, an injunction, restraining the enforcement of said execution, is returnable to and triable in the court from which the execution issued, and that no other court has jurisdiction to determine said matter, citing the statute and numerous cases on that subject in our state; and the affirmative and negative of these questions are the only matters briefed by the parties in this cause. The original petition filed by Owens, as well as the amended petition by Owens & Beaty, contain allegations of fraud leveled at the judgment, addressed more specifically to occurrences at a certain day of a certain term of the court, and an alleged showing that, although the cause was tried, no final judgment was rendered by the judge at that term of the court, and pointing to an alleged fraudulent entry of judgment upon the trial docket, which was not carried into the minutes of the court and never approved by the trial judge. There is no allegation, however, that a final judgment was not entered at a subsequent term of the court, but the plaintiffs allege that, if such judgment was made and entered at such subsequent term, the judgment debtor, Owens, had no notice of the rendition of said judgment. In the amended petition, in which the members composing the partnership became the parties plaintiff, and in whose favor the judgment perpetuating the injunction was rendered without notice, there appear the following allegations in substance: That Owens & Beaty were a mercantile firm, and that the stock of goods on hand at the time of the filing of this suit and of the levy by the sheriff was of the reasonable value of $1,000; that said firm was and is indebted to numerous creditors for the purchase of merchandise in the sum of not less than $1,-500; that the evidences of indebtedness due the firm and collectible will not exceed $200; that, upon an adjustment of the personal accounts due the firm by each of the partners, the said Owens (the judgment debtor in this instance) will be due the said firm not less than $700; "that, if the said business is now suspended and the partnership dissolved, a large amount of said business and trade will be destroyed and a large amount of the notes, claims, and accounts will be rendered uncollectible, and the said Beaty will thereby be rendered unable to dispose of said goods at a price that will enable him to pay the creditors of said firm and pay his personal claims against said firm; that if said business is now closed the assets of the firm will be wholly insufficient to pay the indebtedness now due by said firm;" that the plaintiff R. T. Owens, "has no present interest in and to the stock of goods levied upon as aforesaid."

Although not briefed, we may presume that the pleader in this instance is attempting to place the status of this case within the rule enunciated by Justice Wheeler in the case of Rogers v. Nichols, 20 Tex. 719–726, decided in 1858, in which cause the facts disclosed that the sheriff levying upon the partnership property of one of the partners for his indi-

vidual indebtedness actually seized said property and was proceeding to sell the same when enjoined by other parties who had been partners with him in said business, which is not alleged in this cause, and the Supreme Court held that: "If the plaintiff's lien (the other partners) was reserved bona fide, and if, as they allege, the partnership effects were not sufficient to satisfy partnership debts, and the other partner would have, upon a final adjustment of the accounts, no interest in the partnership effects, the sale by the sheriff ought to be restrained." In that case the partner and judgment debtor, Davis, had contracted to purchase the interest of the other partners, who sought the injunction and who retained a lien upon the property to secure them against the liabilities of the firm, and no distinction was made by Judge Wheeler, and there may not be any between this contractual lien and the ordinary equitable lien of the partner to subject property for that purpose in applying a principle for the right of injunction. However, in studying the underlying reason permitting the writ of injunction in that cause, we note the fact, as stated above, that the sheriff had taken possession of the partnership property in that instance; and Judge Wheeler, continuing, following Judge Storey, says: "If the debtor partner will have, upon final settlement, no interest in the partnership funds, and if the other partners have a lien upon the funds not only for the debts of the partnership but for the balance ultimately due to them, the sale may most materially affect their interests"—and, following with the real reason why it will affect their interests, it is said: "It may be very difficult to follow the property into the hands of the various vendees; and the lien of the other partners may be displaced or other equities arise by intermediate bona fide sales of the property to purchasers without notice; and the partners may have to sustain all the chances of supervening insolvencies of the immediate vendees."

It would be useless for us to attempt to review numerous decisions of the courts of other states upon this question, except to say that it seems to have been held both ways, but from our investigation we believe that in all the cases there has been an actual seizure of the partnership property by the officer, when the injunction is granted; and we are unable to find any decision either affirming or denying the right of injunction under a statute similar to ours, originally passed in 1875: "A levy upon the interest of a partner in partnership property is made by leaving a notice with one or more of the partners, or with a clerk of the partnership." Article 3743, Revised Civil Statutes 1911. The Supreme Court of this state, in the case of Middlebrook v. Zapp, 79 Tex. 321, 15 S. W. 258, in commenting upon this provision, says that it was the intention of the Legislature "not only to provide that manner of levying

upon such interests but to exclude any other," and further says: "The object of the statute was to protect the interests of the partner or partners, who are not defendants in the execution, and the provision is eminently wise and just." Judge Willson, in the case of Howell Bros. v. Jones & Owen, 3 Willson, Civ. Cas. Ct. App. § 208, involving a levy upon partnership property for an individual debt of one of the partners, said; "The property remains in the actual possession of the firm and is never in fact in the possession of the officer. When the officer sells it under the execution, he does not deliver it to the purchaser, as in ordinary cases of the sale of personal property under execution. The purchaser becomes the legal owner of whatever interest the execution debtor may have in the same, and he is left to ascertain and adjust that interest with the other partners and with the creditors of the partnership." In view of this statute, passed subsequently to the rendition of Judge Wheeler's decision, and the evident purposes of the same, as Justice Gaines says, to protect the interests of the partners who are not defendants in the execution, we hold that the injunction by the partnership in this cause is improper, even upon proper notice and the appearance of the other parties to the case. Our discussion and holding in this matter is on account of reversing and remanding the cause, as a matter of direction to the lower court. We are unable to see the injury alleged by the defendants in error in this matter, as there can be no change of possession of this property, and if Owens has no interest he is necessarily uninjured, also the partnership and the other partner. The laboring oar for the ascertainment of this interest, after the sale of the property under execution, if the sale should be made, is as much upon the purchaser at execution sale as upon the other partner. We place no legal value upon the allegation as to the suspension of the partnership business for the reason that, in every sale of a partner's interest in partnership property under this statute, a dissolution of the partnership necessarily follows; and hence in every case an allegation of that character as an asserted equity, for the benefit of the other partners, which would always occur, would necessarily suspend the sale under execution, although the statute was followed. Of course we are not attempting to anticipate in every respect the course that this proceeding should take in the trial court, but believed it incumbent, in view of another trial, to settle the question of injunction by the partnership, as applied to this case.

[3] It inevitably follows that if there is an attempted reinstatement of the preceding petition, or one of a similar nature, by Owens individually, for the purpose of restraining this execution, on account of the lack of judgment, or on account of fraud in obtaining the same, in the county court of Taylor

county, Tex., the writ in this cause should be returnable under the statute to that court in which the judgment was rendered.

[4] The matter of the judgment obtained in favor of the partners, Owens and Beaty, upon an amended cause af action, although not briefed, is required to be noticed by us as fundamental error. No such judgment, without notice or appearance by the defendants, could have been rendered.

Reversed and remanded.

HALL, J., not sitting.