TEICH et al. v. McAULEY. (No. 2115.)

(Court of Civil Appeals of Texas. Texarkana. May 15, 1919. Rehearing Denied May 29, 1919.)

FRAUDULENT CONVEYANCES ☞47 — BULK SALES ACT—DEALER IN MONUMENTS CEASING TO DO BUSINESS — "MERCHANT" — "TRADER."

Under Rev. St. 1911, art. 3971, relating to sales in bulk, a dealer in monuments, having on hand marble, granite, etc., was a "merchant" or "trader" within the act, though at time he sold his entire stock of goods without complying with act he was not engaged in that business, but was engaged in other lines of employment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchant; Trader.]

Appeal from Grayson County Court; Dayton B. Steed, Judge.

Action by Frank Teich against I. E. Provence, in which Mrs. E. N. McAuley was brought in as garnishee, and plaintiff filed contest to answer of garnishee. From judgment for garnishee plaintiff appeals. Judgment rendered for plaintiff.

J. P. Leslie, of Sherman, for appellant.
G. C. Harney, of Sherman, for appellee.

HODGES, J. On March 22, 1916, the appellants recovered a judgment against I. E. Provence in the county court of Grayson county for the sum of $305, with interest and costs of suit. Thereafter a writ of garnishment was issued and served upon the appellee, Mrs. E. N. McAuley, who answered, denying that she owed Provence anything, or that she had any effects belonging to him in her possession. A contest was filed to this answer, and upon the trial the following facts were shown by the evidence: For several years prior to October 1, 1917, I. E. Provence was engaged in the business of making and selling monuments, under the name of the North Texas Monument Works. He bought at wholesale rough and smooth marble and granite. His place of business was located on Houston street in Sherman, Tex. His business house was kept open about one-third of the time. During the other two-thirds he was absent, soliciting trade, and during his absence his house was closed. He continued in business in that manner until about October 1, 1917, when his house was closed permanently and a part of the building rented to other parties for an office; the other part was retained by Provence for the storage of his stock of marble and tools. On the 24th of January, 1918, Provence sold his entire stock of marble, together with his tools, to his mother-in-law, the appellee herein, for the sum of $2,357.13, in satisfaction of a debt which he owed her. No notice was given to any of the creditors of Provence as required by the Bulk Sales Law. It is conceded that no fraud was shown, and that the sale was made to satisfy a pre-existing debt. The appellants are wholesale marble dealers located at Llano, Tex.; and they and other creditors had sold marble and granite to Provence. After the sale to Mrs. McAuley she took the exclusive charge and control of the stock of granite and fixtures, and had the same in her possession at the date of the levy of the writ of garnishment.

In a trial before the court judgment was rendered in favor of the garnishee, the court holding that the sale was not made in violation of the bulk sales statute. That ruling seems to have been based upon the fact that Provence, having ceased to do business, and being at the time of the sale engaged in other lines of employment, was not a merchant or a trader within the terms of article 3971 of the Revised Civil Statutes. The assignments of error challenge the correctness of that legal conclusion. The article of the statute above referred to provides:

"The sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and the fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor, shall be void as against the creditors of the seller or transferor unless the purchaser or transferee demand and receive from the seller or transferor a written list of names and addresses of the creditors of the seller or transferor, with the amount of the indebtedness due or owing to each and certified by the seller or transferor under oath to be a full, accurate and complete list of his creditors, and of his indebtedness; and unless the purchaser or transferee shall at least ten days before taking possession of such merchandise or merchandise and fixtures, or paying therefor, notify personally or by registered mail every creditor whose name and address are stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof. Any purchaser or transferee who shall not conform to the provisions of this act shall, upon application of any of the creditors of the seller or transferor, become a receiver and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

The proof shows that the goods sold by Provence was a stock of merchandise bought for the purpose of trade. The fact that the owner closed his business house and ceased to make daily sales in the due course of trade did not alter the character of his goods or affect the right of his creditors under the statute. If the creditors ever had any right to resort to that stock of goods for the satisfaction of their debts, that right remained, and was not defeated by the closing of the store for the period indicated by the evidence. Owosso C. & S. Co. v. McIntosh & Warren, 107 Tex. 307, 179 S. W. 257, L. R. A. 1916B, 970; Mayfield Co. v. Harlan, 184 S. W. 313.

We are of the opinion that the trial court erred, and that a judgment should here be rendered for the appellants.

---

⬥⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes