NORTH AMERICAN PROVISION COMPANY *v.* FISCHER LIME & CEMENT COMPANY.

### Opinion delivered March 2, 1925.

1. CORPORATIONS—COMPLAINT—MISDESCRIPTION O F CORPORATION.— The contention that a judgment against the Morris Packing Company, described in the complaint as an Illinois corporation, would not bind the Morris Packing Company, a Maine Corporation, was untenable where the latter corporation was the only corporation of that name doing business in the State at the time, and service of summons was had on its agent.

2. CORPORATIONS—PLACE OF ORGANIZATION OF FOREIGN CORPORATION.— In a suit against a foreign corporation, it was immaterial in what State defendant was organized as a corporation, where it was sued and served as a foreign corporation, and the complaint advised it of the nature of the action.

3. JUDGMENT—INSUFFICIENT SERVICE—MERITORIOUS D E F E N S E.— Where defendant had actual notice of the pendency of a suit against it, the contention that the judgment was defective for lack of service will not be considered on collateral attack unless a meritorious defense to the suit is shown.

4. FRAUDULENT CONVEYANCES—BULK SALES LAW.—Sale of the assets of a packing company, engaged in selling meats at wholesale *held* void as against creditors of seller for noncompliance with the Bulk Sales Law; the statute being comprehensive enough to include sales by wholesale merchants.

Appealed from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

STATEMENT OF FACTS.

Fischer Lime & Cement Company, a foreign corporation, brought this suit in equity against the North American Provision Company, also a foreign corporation, doing business in Arkansas, to recover the sum of

$1,352.08, alleged to be due it by the Morris Packing Company, whose property the defendant bought without complying with the requirements of our Bulk Sales law.

It appears from the record that the Morris Packing Company, a foreign corporation, duly organized under the State of Maine, and authorized to do business in the State of Arkansas, was engaged in the business of selling at wholesale at Helena, Arkansas, various kinds of meat products and some canned goods. During the year 1919 it entered into a contract with D. M. Crawford & Company to erect a business building for it in Helena, Phillips County, Arkansas. Fischer Lime & Cement Company, a corporation doing business in the State of Tennessee, furnished certain materials which entered into the construction of said building. Fischer Lime & Cement Company first gave notice that it intended to file its lien on the property for the materials furnished, and the Morris Packing Company agreed to pay the account if no lien under the statute was filed. After the time for filing the lien had expired, the Morris Packing Company refused to pay the account. On August 26, 1922, Fischer Lime & Cement Company instituted an action in the circuit court against Morris Packing Company, to recover the sum of $1,425, alleged to be the amount due and unpaid for materials used in the construction of the building for Morris Packing Company in Helena, Arkansas.

The complaint alleges that the plaintiff is a corporation organized under the laws of the State of Tennessee, and that the defendant, Morris Packing Company, is a corporation organized under the laws of the State of Illinois.

In the summons the defendant is called Morris Packing Company. The return recites that it was served by delivering a true copy of the same to J. W. Somerindyke, manager of the within-named Morris Packing Company. On May 16, 1923, judgment was rendered in

favor of Fischer Lime & Cement Company against Morris Packing Company in the sum of $1,148.67.

The judgment recites that the plaintiff appeared by its attorneys and the defendant by its attorney. In the meantime, on March 24, 1923, the North American Provision Company purchased the assets of the Morris Packing Company, a Maine corporation, and no attempt was made to comply with the provisions of our Bulk Sales law. The value of the stock of merchandise so purchased by the North American Provision Company from the Morris Packing Company exceeded by several thousand dollars the liabilities of the Morris Packing Company.

Morris Packing Company, an Illinois corporation, once did business in the State of Arkansas, but ceased to do business in this State during the year 1912. During the period of time involved in the transaction in this case the Morris Packing Company, a Maine corporation, was engaged in business in this State at Little Rock, Arkansas, and at Helena, Arkansas.

The chancellor found the issues in favor of the plaintiff, and from a decree rendered in its favor against the defendant an appeal has been duly prosecuted to this court.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

The judgment obtained by appellee was against an Illinois corporation, whereas the Morris Packing Company involved here is a Maine corporation, and it is therefore not bound by the judgment , proper service not having been had. See Freeman on Judgments, § 45, and § 50; Black on Judgments, §§ 116 and 120; 4 Ark. 423; 75 Ark. 461; 123 Ark. 455; 101 Ark. 142; 24 Ark. 574; 6 Ark. 537; 5 Ark. 410; 7 Ark. 394; 105 Ark. 5; 9 Ark. 455; 4 Ark. 199; 42 Cal. 571; 37 Cal. 346; 282 Fed. 811. No notice was given as required by § 4870, C. & M. Digest, but still appellant is not liable for the claim, as it is not one protected by the statute. See 148

Ark. 173; 159 Ark. 358; 131 Ark. 248; 136 Ark. 140. Statutes of this nature should be strictly construed. 101 S. E. 8; 203 S. W. 506; 235 S. W. 321; 112 S. E. 71; 224 Ill. App. 158; 144 Pac. 6.

*Owens & Ehrman,* for appellee.

The defect in service complained of should have been reached by demurrer or answer in that proceeding *Hawkins* v. *Simmons,* 165 Ark. 461. Morris & Co. was sued as a foreign corporation, which was sufficient. 152 Ark. 442. The Bulk Sales law, as construed in 123 Ark. 285, is not limited to retail merchants. See 242 U. S. 470 and 157 N. W. 1019. One who induces another to refrain from filing a lien by promise of payment is liable on contract. 146 Ark. 539.   .

HART, J., (after stating the facts).   It is first sought to reverse the decree on the ground that the judgment obtained in the circuit court by the Fischer Lime & Cement Company was against Morris Packing Company, an Illinois corporation, and that, on this account, the Morris Packing Company, a Maine corporation, is not bound by the judgment.

In that case the defendant was named as the Morris Packing Company, and the summons was served on the duly authorized agent of the Morris Packing Company. It is true that the complaint alleges that the defendant, Morris Packing Company, was an Illinois corporation, but this did not make any difference. The defendant was sued as the Morris Packing Company, and the Morris Packing Company of Maine was the only corporation of that name doing business in Arkansas at the time. The service of summons was had upon its duly authorized agent. Thus it will be seen that the defendant had notice of the suit, and should have interposed any defense it might have had to the action, notwithstanding it was alleged to be an Illinois corporation, when in fact it was a Maine corporation.

In the first place, it is immaterial in what State the defendant was organized as a corporation. It was sued

and served as a foreign corporation, and the language of the complaint apprised it of the nature of the action. *Loose-Wiles Biscuit Co.* v. *Jolly,* 152 Ark. 442.

In the second place, Morris Packing Company had actual notice of the pendency of the suit against it in the circuit court, and does not even now claim that it had any meritorious defense to the action. In so far as the present record discloses, there was no defense whatever to the suit. In such cases, a meritorious defense must be shown in order to obtain the relief prayed for. *Renfroe* v. *Parmelee,* 143 Ark. 547, and *McDonald Land Co.* v. *Shapleigh Hardware Co.,* 163 Ark. 524.

Therefore the insistence of the defendant that the judgment in the circuit court against the Morris Packing Company was void because no service was had upon the defendant is of no avail to it in the present suit.

It is conceded by the counsel for the defendant that no attempt was made to comply with our Bulk Sales law when the defendant purchased the stock of merchandise of the Morris Packing Company, and that the property so purchased by it exceeded in value the liabilities of said company.

The sole reliance of counsel to reverse the decree on this ground is that the sale of its stock by a wholesale merchant does not come within the provisions of our Bulk Sales law. It will be remembered that the Morris Packing Company was engaged in selling at wholesale meat products and canned goods at Helena, Arkansas, when its stock of merchandise and other property was purchased by the defendant. It has been said that the practice of retail merchants in selling their stocks in bulk are the most common source of fraud with which the courts have to deal, and that such statutes were passed for the protection of wholesale merchants. A sufficient answer to this is that wholesale merchants, by selling their stocks in bulk, could practice a fraud upon manufacturers and other wholesale merchants, who are their creditors, just as successfully as retail merchants could

do in the sale of their stocks in bulk. After all, the language of the statute must be the test as to what class of merchants are embraced within its scope. It has been well said that, to determine the class of property included in Bulk Sales statutes, reference must be had to the language of the statute, which will be construed according to its common and ordinary meaning.

Thus, in *Connecticut Steam Brown Stone Co.* v. *Lewis* (Conn.), 85 Atl. 534, 45 L. R. A. (N. S.) 495, it was held that a sale of his tools and stock in trade by one who buys stone in the rough and cuts and dresses it to fill orders is not within the Connecticut statute. The act under consideration in that case provides that, when any person who makes it his business to buy commodities and sell the same in small quantities for a profit shall, at a single transaction, sell or deliver the whole or a large part of his stock in trade, such sale shall be void against his creditors, unless the provisions of the act are complied with. The court held that the act in terms applies only to sales in bulk by persons who make it a business to buy and sell in small quantities the commodities which they have purchased. Other States make their statutes on the subject apply only to the sale in bulk by retail merchants of their stock of merchandise.

The language of our statute provides that the sale in bulk of any part of the whole of a stock or merchandise or merchandise and the fixtures pertaining to the conduct of any such business, otherwise than in the ordinary course of trade, shall be void as against the creditors of the seller, unless the terms of the act are complied with. Section 4870 of Crawford & Moses' Digest, and act 374 of the General Acts of 1923. See General Acts of 1923, p. 340.

In this connection it may be stated that the only change made by the amendatory act is to prohibit the mortgage as well as the sale or transfer in bulk of the class of property embraced in the act without complying with the terms thereof.

Now it will be seen that the language of the act in its common and usual acceptation includes wholesale and retail merchants alike. The language is sufficiently comprehensive to show that the object of the act was not only to protect wholesale merchants against fraudulent sales by retail merchants, but also to protect manufacturers and wholesale merchants against fraudulent sales by wholesale merchants. *Grant* v. *Walsh* (Wash. ), 78 Pac. 786; and *Niklaus* v. *Lessenhop* (Neb.), 157 N. W. 1019.

It follows that the decree of the chancellor was correct, and must be affirmed.