## CRANE v. KELLY.
### No. 10979.

Court of Civil Appeals of Texas. Dallas. April 25, 1931.

Rehearing Denied May 23, 1931.

G. H. ˙Crane, of Dallas, for appellant.

W. S. Bramlett, of Dallas, for appellee.

JONES, C. J.

The material facts of this case are that appellant, G. H. Crane, obtained a judgment in a justice court of Dallas county against S. G. Troupe and wife, Rosamund Troupe, in the sum of $62 and a foreclosure of a chattel mortgage lien; that an appeal was perfected by the judgment debtors to county court at law No. 2, by filing an appeal bond with appellee J. T. Kelly, J. C. Strickland, and J. W. Brents as sureties. The cause was tried in the county court at law No. 2 of Dallas county, and judgment entered on the findings of the jury on special issues in favor of appellant for the same sum and against each of the sureties, but there was no foreclosure of the said lien. Some time after judgment an execution was issued at the instance of appellant, placed in the hands of H. A. Hood, sheriff of Dallas county, and real estate owned by appellee was levied upon to satisfy the judgment.

The instant suit was filed by appellee to restrain the sale of the property under the writ of execution, and to restrain the sale of any property owned by appellee under any execution issued on such judgment. A temporary writ of injunction was granted, and on final trial, judgment was entered restraining Hood, as sheriff, from selling or offering for sale any property belonging to appellee, and from levying upon or attempting to levy upon any property belonging to appellee by virtue of any execution issued on said judgment, and restraining appellant from causing to issue any execution on said judgment against appellee, and from enforcing or attempting to enforce same. In other words, appellant is restrained from attempting in any way to enforce collection of the judgment against appellee by means of an execution thereon, or by any other means.

This judgment was entered on the theory that the judgment of the county court at law No. 2, in favor of appellee, showed on its face to be absolutely void.

No statement of facts has been filed, and we are asked to affirm this judgment on the theory that appellee's petition for injunction alleges facts showing that it affirmatively appears from the record of the county court judgment that such court had no jurisdiction to try the cause, and that the judgment entered was therefore void.

We cannot agree to this contention, for we do not think that the facts alleged in appellee's petition show conclusively that the county court judgment is void. The petition contains allegations, to the effect, that the judgment is void, (1) because of the fraud perpetrated on the trial court by appellant, in the matter of its jurisdiction over the subject matter of the suit, because the appeal bond was not actually filed in the justice court within the statutory time to confer jurisdiction on the county court at law to hear and determine the appeal, though the file mark on the bond showed that it was timely filed; that appellant fraudulently "permitted and instructed the Honorable E. John Baldwin, Justice of the Peace of said court, to approve and file an appeal bond in said cause, dating back the approval and filing of said bond therein as of date January 25, 1928," when the appeal bond was actually filed on the 2nd day of March, 1928, and that the antedating of the approval and filing of said appeal bond shows on the docket of said justice court; (2) that the judgment of the county court at law shows that, it was based on the verdict of the jury on special issues submitted by the court, and that these findings are not set out in the judgment; (3) that appellee was only a surety on the appeal bond, and that no attempt had been made by appellant to collect the judgment from the persons in said cause previous to the levy on the property of appellee under the writ of execution.

Grounds (2) and (3) are clearly insufficient to show that the judgment of the said county court is void and these issues will not be discussed.

Article 4656, R. C. S. declares that, "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. * * *"

Under the terms of this statute, the district court is not forbidden to grant the temporary writ of injunction first issued in this case. The prohibition is against making it the injunction of that court. If granted, it should have been made returnable to the court that entered the judgment, unless it affirmatively appeared from the record that the judgment of the county court at law was void. The record shows the appeal bond to have been duly filed in the justice court, and that this could be impeached only by evidence dehors the record. If a fraud were committed on the county court at law by appellee, or participated in by him, in order to give that court jurisdiction over the appeal, and such fact does not affirmatively appear on the record, but must be shown by extrinsic evidence, then the court whose judgment is attacked is the only court authorized to try such issue. Radford Grocery Co. v. Owens

(Tex. Civ. App.) 161 S. W. 911; Baker v. Crosbyton Southplains R. Co., 107 Tex. 566, 182 S. W. 287; Matthews v. Eyres (Tex. Civ. App.) 206 S. W. 963; Carey v. Looney, 113 Tex. 93, 251 S. W. 1040.

We believe that the trial court erred in the judgment entered, and that such judgment should be reversed and rendered by this court in favor of appellant, dissolving the permanent injunction, and it is so ordered.

Reversed and rendered.