M System Stores, Incorporated, et al. v.
Miss F. S. Johnston et al.

No. 6279. Decided November 28, 1934.
(76 S. W., 2d Series, 503.)

*Wilson, Randal & Kilpatrick,* and *Bean & Klett,* all of Lubbock, and *Carl Rountree,* of Lamesa, for plaintiffs in error.

The Court of Civil Appeals erred as a matter of law in holding that the individual creditor of an individual member of a partnership is, under the Bulk Sales Law, entitled to a notice of the purchase and sale of the partnership assets. The partnership in such case being the seller, and the individual creditor of a single member of the partnership not being a creditor of the seller. Ellis Jones Drug Co. v. Coker, 151 Miss., 102, 117 So., 545; 59 A. L. R., 285; Axtel Co. v. Word, 29 S. W. (2d) 421; Whitehouse v. Nelson, 43 Wash., 174, 86 Pac., 174.

The Court erred as a matter of law in holding that the sale of the meat market fixtures by W. L. Hendrick to J. M. Marks, without the sale of any merchandise, was such a sale as is forbidden by the Bulk Sales Law of this State, except as is provided in such law. Hobart Mfg. Co. v. Joyce & Mitchell, 4 S. W. (2d) 185; Grimes v. Huntsville State Bank, 12 S. W. (2d) 1087.

*Vickers & Campbell,* of Lubbock, for defendants in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This controversy involves the Bulk Sales Statute (R. S., Art. 4001). The material facts shown in testimony and established by the implied findings of the trial court, are substantially as follows: On January 7, 1929, and for some years prior to that time, M. P. Hendrick and W. L. Hendrick, as partners, conducted in the town of Lamesa a retail grocery store. In connection with said business W. L. Hendrick conducted a meat market. The meat market fixtures belonged to W. L. Hendrick individually. On the date named the latter sold said meat market fixtures to J. M. Marks for a cash consideration. In respect to this sale, none of the provisions of the Bulk Sales Statutes was complied with. At that time W. L. Hendrick individually was indebted to Miss Johnston, the defendant in

error, in the sum of $4,125.00. The debt was not a debt of the partnership of which W. L. Hendrick was a member. After the sale of the fixtures to Marks, the latter rented them to W. L. Hendrick who continued to use them as before. On January 15, 1929, Miss Johnston recovered a judgment against W. L. Hendrick for the amount of the debt owing to her by him. The partnership composed of M. P. and W. L. Hendrick continued to conduct the grocery store until May 24, 1929, when the partnership, acting through W. L. Hendrick, sold to the "M" System Stores, Inc., all the stock of groceries and the fixtures belonging to the partnership. The market fixtures which had been sold to Marks were, by consent of the latter, sold to said buyer along with the stock of groceries and the grocery store fixtures. The agreed purchase price to be paid by the buyer amounted to the sum of $10,482.23. In this sum Marks had an interest amounting to $2,500.00, that being the amount coming to him from the sale of his market fixtures; $2,300.00 of the purchase price belonged to W. L. Hendrick, that being the proportionate amount of his interest in the partnership property that was sold, and the rest of said purchase price belonged to M. P. Hendrick. In the bill of sale executed to the "M" System Stores, Inc., the aggregate purchase price of $10,482.23 was stated, but the several interests of the parties, just named, in said amount was not stated and were unknown to the "M" System Stores, Inc. In respect of said sale there was no notice given to Miss Johnston as prescribed by the Bulk Sales Statute. At the time of the sale, the "M" System Stores, Inc., paid to W. L. Hendrick, in cash, $3,000.00 of the agreed purchase price and the latter kept same and did not account either to M. P. Hendrick or to J. M. Marks for any part thereof. Another part of the purchase money, amounting to $1,000, was deposited in a bank at Lamesa, to be held in escrow pending completion of certain details of the sale. The "M" System Stores, Inc., a few days later, took possession of all said property and proceeded to dispose of it by sale. Thereafter Miss Johnston sued out a writ of garnishment against the "M" System Stores, Inc., on the judgment which she held against W. L. Hendrick. In answer to said writ, the garnishee, the "M" System Stores, Inc., denied that it had in its possession any property or effects belonging to W. L. Hendrick, and, in substance and effect, denied that it was indebted to the latter in any amount, unless the unpaid balance of said purchase money or some part of said unpaid balance, belonged to W. L. Hendrick. The garnishee admitted that it owed the said unpaid balance of purchase money,

and declared that it stood ready to pay same to the persons that the court found were entitled to receive same; and paid into the registry of the court the sum of $6,482.23. The said garnishee, in connection with and as part of its answer to the writ, interpleaded M. P. and W. L. Hendrick and J. M. Marks for the purpose of having the conflicting claims to said fund adjudicated. No issue was joined between Miss Johnston and the garnishee respecting the facts set out in the garnishee's answer to the writ. In due time, however, M. P. Hendrick and J. M. Marks pleaded their respective interests in said funds, as stated above, and the facts respecting their claims. On these allegations, Miss Johnston joined issue. Besides, to the extent of her claim against W. L. Hendrick, she set up claim to said funds under the Bulk Sales Statute. The issues thus presented were tried to the court without a jury, resulting in a judgment for Marks for $2,500.00 of said fund, and for M. P. Hendrick for the rest of said fund, amounting to $4,982.23, including the $1,-000.00 on deposit in the bank,—the bank being a party defendant in the judgment. Both Miss Johnston and W. L. Hendrick were denied a recovery of any amount. Miss Johnston prosecuted an appeal, and the Court of Civil Appeals reversed the judgment of the trial court on the ground that the sale to the "M" System Stores, Inc., and the sale of the market fixtures to J. M. Marks, were invalid as to Miss Johnston, under the Bulk Sales Statute, for want of notice to her as prescribed in said statute. The application of the "M" System Stores, Inc., for the writ of error, was granted by the Supreme Court, as was the application of M. P. Hendrick and J. M. Marks. For convenience the "M" System Stores, Inc., will be designated as "the corporation."

Under the facts, liability of the corporation to Miss Johnston for any amount depends upon whether or not, in the case of a sale by the partnership, of property belonging to the firm, a creditor of an individual member of the firm is entitled to notice of the sale as prescribed in Bulk Sales Statute. Said statute reads as follows:

"The sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor, shall be void as against the creditors of the seller or transferor, unless the purchaser or transferee demand and receive from the transferor a written list of names and addresses of the creditors of the seller or

transferor with the amount of the indebtedness due or owing to each and certified by the seller or transferor under oath to be a full, accurate and complete list of his creditors, and of his indebtedness; and unless the purchaser or transferee shall at least ten days before taking possession of such merchandise or merchandise and fixtures, or paying therefor, notify personally or by registered mail each creditor whose name and address is stated in said list, or of which he has knowledge of the proposed sale and of the price, terms and conditions thereof. Any purchaser or transferee who shall not conform to the provisions of this law shall, upon application of any of the creditors of the seller or transferor become a receiver, and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

■ There can be no doubt that as regards a sale of pratnership property, by the partnership, this statute contemplates creditors of the partnership, and not a creditor of one of the members of the firm. Ellis Jones Drug Co. v. Coker, 151 Miss., 102, 117 So., 545, 59 A. L. R., 285. The creditors with whom the statute deals are, in the terms of the statute, those of the "seller." While it is true that a partnership is not legal entity, like a corporation, nevertheless the assets and liabilities of the partnership are commonly treated as possessing distinct characteristics. For example, under Article 2033 of the statute, partnership liability may be enforced against the firm and the partnership property reached, where but one of the members of the firm is served with citation in the suit. 32 Tex. Jur., 380-381. Again; property belonging to a partnership cannot be lawfully seized under execution against an individual member of the firm. R. S., 3796; Middlebrook v. Zapp, 79 Texas, 321. Still another example: funds and effects belonging to the partnership cannot be garnished for the separate debt of an individual member of the firm. Raley v. Smith, 73 S. W., 54 and authorities cited there; see also 20 Tex. Jur., p. 720. At the bottom of these cases lies the familiar doctrine established by general law, which is to the effect that no creditor but a creditor of the partnership is entitled to have the partnership assets, as such, appropriated to the satisfaction of his claim. The presumption obtains that in the enactment of the instant statute due regard was given to the general law, and that, as regards a sale by a partnership, the term "creditors of the seller" was intended to embrace none but those classed as partnership creditors under the general law.

With respect to M. P. Hendrick, the trial court gave him judgment for $4,982.23 of the funds in question. There was ample testimony to sustain his claim to this extent. He is in nowise liable to Miss Johnston. The latter presents no valid ground of complaint in this respect.

With respect to J. M. Marks, the trial court gave him judgment for $2,500 of said funds. According to the record before us, error in this respect depends solely on a question of law as to whether or not the purchase by him from W. L. Hendrick, on January 7, 1929, of the market fixtures belonging to the latter individually, falls under the Bulk Sales Statute. The particular inquiry is whether or not a sale which does not embrace merchandise as part of its subject matter, and in nowise involves a sale of merchandise, is contemplated by the provisions of said statute which read: "The sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and fixtures, pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor, shall be void as against the creditors of the seller or transferor, unless" etc. It reasonably appears that these provisions primarily regard sales of merchandise which are made "otherwise than in ordinary course of trade and in the regular prosecution of the business of the seller or transferor." The provisions, in terms, deal with fixtures only in relation to a sale or transfer of merchandise. The terms of the provisions do not reasonably apply to fixtures except in conjunction with merchandise, for otherwise the provision excluding sales and transfers made in the ordinary course of trade and in the regular prosecution of the business of the seller would involve a contradiction of terms. For the business of the seller could not be the selling of fixtures where he is not engaged in such business; and he could not make a sale of fixtures in the regular prosecution of such business. It is only in cases involving a sale of merchandise, by one engaged in that business, that the provision respecting fixtures can have any application at all.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion adopted by the Supreme Court, November 28, 1934.