BUTLER BROTHERS V. N. SINKIN.

No. 6870.  Decided April 28, 1937.
(104 S. W., 2d Series, 14.)

*Rice & Rice*, of San Antonio, for plaintiff in error.

The garnishee having admittedly purchased the whole of the stock of merchandise left to Benavides & Bro., after the fire, and having admitted that in making said purchase he in

no way complied with the provisions of the laws of this State pertaining to the transfer of goods under the Bulk Sales Law, and that the value thereof at the time of purchase by him was more than plaintiff's claim against the said Benavides & Bro., as established by a valid judgment, he, the garnishee, was liable to plaintiff for the full amount of its debt and judgment. Owosso Carriage Co. v. McIntosh & Warren, 107 Texas 307, 179 S. W. 257; Williams v. Crowdus Drug Co., 167 S. W. 187.

*Schlesinger, Schlesinger & Goodstein,* of San Antonio, for defendant in error.

When a person purchases a stock of goods which has not been exposed for daily sale, nor replenished by other goods, he is not required to comply with the provisions of the Bulk Sales Law. Axtell v. Word, 29 S. W. (2d) 421; Krower v. Martin, 184 S. W. 511.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Prior to December 6, 1931, J. C. Benavides & Bro., a partnership, owned a store and stock of merchandise, and was engaged in business in Laredo, Texas. On the date mentioned the stock of merchandise was damaged by fire, and the store was closed. Thereafter, the merchandise remaining in the store, found by the trial court to be of the value of $3000.00, was cleaned and inventoried by the Underwriters Salvage Company, and made ready for sale. No sales were made therefrom, but on April 1, 1932, the stock was sold in bulk and was bought by N. Sinkin, defendant in error here, for $1500.00 in cash. Sinkin removed the merchandise to another building, commingled it with other merchandise, and sold same at a fire sale.

In the matter of this sale there was no effort made to comply with Article 4001, known as the Bulk Sales Law. Plaintiff in error, Butler Bros., was a creditor of J. C. Benavides & Bro., and brought this suit in the proper manner to recover of defendant in error Sinkin the amount of its debt in the sum of $945.67. It had not been paid any part of the purchase money paid by defendant in error for the goods. Plaintiff in error recovered judgment in the trial court, which judgment was reversed by the Court of Civil Appeals. 77 S. W. (2d) 298. Justice MURRAY dissented. Writ of error was granted, because construction of a statute was involved.

The Court of Civil Appeals followed a prior decision by it, to-wit, Yeager v. Dallas Coffin Co., 46 S. W. (2d) 1016, and held that the stock of merchandise comprehended by the statute

was "merchandise which constitutes the merchant's stock in trade, which is exhibited for sale indiscriminately in the usual course of trade, and which may not be legally mortgaged so as to impair the title of the purchasers in the usual course of trade." Upon this premise, the court concluded that as the merchandise in question, after being reconditioned, had not been again "exposed to sale in parcels, in the regular course of business of such merchandise," it was not subject to Article 4001, and therefore the sale of same in bulk was not in violation of that article.

1   It will be noted that the expression used in our statute is "a stock of merchandise, or merchandise and fixtures pertaining to the conducting of said business." The expression "pertaining to the conducting of said business" clearly relates to fixtures. This language is much broader than the language in similar statutes in some of the states. In some states the law is made to apply to persons who make it their business to buy commodities and sell the same in small quantities for a profit. In other states the law is made applicable only to retail merchants, who sell their stock in bulk. In our opinion, the use of the words "a stock of merchandise," without express limitation to retail merchants, clearly discloses that the purpose was to prevent a sale in bulk of a stock of merchandise, even though not being daily exposed to sale in parcels in the regular course of a mercantile business. If this were not true, then the law would protect only creditors of retail merchants. It has been generally held, however, that laws in almost the precise language of ours afford protection to manufacturers and wholesale merchants against fraudulent sales in bulk by wholesale merchants. North American Provision Co. v. Fischer Lime & Cement Co., 168 Ark. 106, 269 S. W. 993; Keller v. Fowler Bros., 148 Tenn. 571, 256 S. W. 879; Eklund v. Hopkins, 36 Wash. 179, 78 Pac. 785.

2   It is not disputed that the stock of merchandise of J. C. Benavides & Bro., immediately prior to the fire, was subject to the Bulk Sales Law, and could not have been sold in bulk to the detriment of creditors without a compliance with the law. We are unable to see how the mere closing of the store for four months could make this merchandise any less "a stock of merchandise" within the purview of the law, so that creditors would not be protected with the same was sold in bulk. Teich v. McAuley, 212 S. W. 979; Davidson v. Heyman, 243 App. Div. 546, 275 N. Y. S. 870. The language of the statute seems to clearly indicate that so long as there exists a "stock of

merchandise" no sale, "other than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor," can defeat the rights of creditors, unless the law is complied with. M. System Stores v. Johnston, 124 Texas 238, 76 S. W. (2d) 503. In this instance there was a substantial stock of this salvaged merchandise. The trial court found that it was of the reasonable market value of $3000.00. It had been reconditioned and made ready for sale at retail. It is undisputed that defendant in error commingled it with another stock and immediately put it upon the market for sale at retail. In addition, it is obvious that the parties believed that this stock of merchandise was subject to the provisions of Article 4001. In the bill of sale there was the following provision:

"This sale is made by me for the purpose of paying my bona fide debts and all creditors will share in the net proceeds in proportion to their respective claims without preference, for which reason I have represented to the purchaser that this sale comes within the exception to the provisions of article 4001, R. S. 1925."

3 Defendant in error contends that he relied upon this provision of the bill of sale and is protected under Article 4003, which provides that the preceding articles shall not apply "to a sale or transfer of stocks of merchandise and fixtures for the payment of bona fide debts, when all creditors share in proportion to their respective claims, and without preference in the sale or transfer of the proceeds thereof." Defendant in error was not a creditor of J. C. Benavides & Bro. and the sale was not made to him for the payment of a bona fide debt due him. In addition, the language above quoted clearly indicates that the sales or transfers therein contemplated are to be made to a person who undertakes as trustee to pay the purchase money to creditors proportionately, and not to the seller merely on his promise or assurance that he will distribute it to creditors in proportion to their respective claims. This is clearly intimated in the case of Kell Milling Co. v. Wooten Grocery Co., 195 S. W. 342, relied upon by defendant in error.

The judgment of the Court of Civil Appeals is reversed and judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court April 28, 1937.